ELIZABETH G. SOLLOWAY

*v.*

BARNABAS J. EDSON *et al.*

*Opinion filed February 14, 1898.*

REAL PROPERTY—*what will not re-invest heirs with title divested by judicial sale.* The fact that an administratrix obtains title to her intestate's property by conveyance from the purchaser at a sale by the court upon her petition to sell the same to pay debts, does not re-invest the intestate's heirs with the title divested by such sale, where it does not appear that the sale was merely colorable and that the administratrix was the real purchaser.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. GEORGE W. STIPP, Judge, presiding.

H. A. HAINES, and F. M. WILLIAMS, for plaintiff in error.

WING, CHADBOURNE & LEACH, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error sued out to reverse a decree of the circuit court of Grundy county dismissing a bill in chancery filed by plaintiff in error, the prayer whereof was, the court should decree she was seized of the title to an undivided two-fifths interest in and to the west half of the north-east quarter of section 22 and the east twenty-five acres of the west half of the north-west quarter of section 22, all in township 31, north, range 6, east, and should allot and set apart to her her interest in severalty. The claim of title sought to be enforced by the bill rests primarily on the assertion of the plaintiff in error that one John B. Edson died seized of the title to the land, and that the interest she claims therein descended to her by inheritance from her deceased daughter, a grand-daughter of said Edson.

171—21

It appeared in the proof said John B. Edson, deceased, received a deed signed by one Hiram B. Newcombe, dated May 5, 1857, purporting to convey the said west half of the north-east quarter of section 22 in question to him, but it also appeared in proof said grantee, Newcombe, was not the owner of the title to the said tract. It is, however, insisted on behalf of the plaintiff in error, it was proven said Edson held actual, open, adverse, hostile and exclusive possession of the tract from the date of the deed until the day of his death,—a period of about eleven years,—and that Judith B. Edson, his widow, remained in possession after his death and continued to hold the like character of possession for a period of more than ten years, and that these holdings are to be considered as one continuous possession, and, so considered, constitute actual, adverse, open, hostile and exclusive possession for a period of twenty years, thus establishing title to the tract. One infirmity in this insistence need only be noticed,—that is, the alleged possession was not proven. On the contrary, the record is practically barren of testimony on the question of possession or occupancy of the tract.

Counsel for plaintiff in error, in their brief, in support of the assertion possession as claimed was proven, cite us to pages 2, 19, 20, 21, 43 and 46 of the abstract prepared by them. Page 2 contains an abstract of the allegation of the petition for partition; page 19 an abstract of various deeds, agreements, etc.; pages 20 and 21 an abstract of the proceedings in the probate court in the matter of the petition for sale of the land as the property of John B. Edson, deceased, and nothing whatever relative to possession. The only testimony abstracted on page 43 which has any reference to the occupancy or possession of the land is a statement in the deposition of a witness, Frank W. Edson, as follows: "My father was John B. Edson. He died in 1868, on a farm in Grundy county, * * * on eighty acres of which the residence was situ-

ated." Nothing whatever appears on page 46 with reference to the possession or occupancy of the tract of land. Although the abstract was prepared in behalf of the plaintiff in error, we have consulted the record but find no testimony on the question of possession other than that above referred to. Argument to demonstrate the utter insufficiency of the proof to establish the alleged possession is unnecessary.

It appeared, however, that on the 9th day of November, 1878, one Harvey B. Newcombe executed a deed conveying this tract to Judith B. Edson, widow of said John B. Edson, in consideration of the sum of one dollar. The bill averred Hiram B. and Harvey B. Newcombe were one and the same person, and that the conveyance from Harvey B. Newcombe was but for the purpose of correcting the deed executed by him in the name of Hiram B. Newcombe to said John B. Edson. It was, however, clearly proven that Harvey B. Newcombe and Hiram B. Newcombe are two different individuals, and the only reason now urged why the deed from Harvey B. Newcombe should be accepted as having been executed merely to correct and make good the deed from Hiram is, that the consideration stated in the deed is but nominal. Without conceding the reason has the force claimed, we may dispose of the point by saying the title rested in Harvey B. Newcombe. The conveyance by him to Judith B. Edson passed the legal title to her, and this title has, by regular chain of conveyances, passed to the defendant in error Hill, who purchased upon the faith of the record, and the proof is not sufficient to charge him with notice or knowledge of the alleged defect in the right and title of Judith B. Edson.

It is claimed said Judith was so lacking in mental capacity when she executed the conveyance through which the defendant in error Hill derives title, that the deed from her was void, and that said defendant in error Hill had notice and knowledge of such mental infirmity. The

testimony as to the condition of the mind of the said Judith is to some extent in conflict. In our opinion the preponderance of the evidence on the point was adverse to the view urged by the plaintiff in error. At all events, in the condition of the proof we would not be warranted in asserting the chancellor, who saw and heard the witnesses, erred in his conclusion it did not appear from the weight of the testimony that said Judith B. was mentally incapable of executing the deed.

It is manifest the decree as to the west half of the north-east quarter of section 22 must be affirmed. The case of plaintiff in error is equally insufficient as to the other tract—the twenty-five acre tract off the east side of the east half of the north-west quarter of section 22. As to this last tract, the proof that title thereto ever rested in John B. Edson, deceased, or in the plaintiff in error through said deceased, is not sufficient. But if it did show that said Edson possessed the title to it, still the decree should be affirmed. It appeared whatever interest said John B. Edson had in that tract was sold under the decree of the probate court of Grundy county, on petition of the administratrix of said Edson for leave to sell such interest to pay debts against the estate of said deceased. The regularity or validity of this proceeding in the county court is not questioned, hence it operated to deprive plaintiff in error of any interest which she might otherwise have been entitled to as an heir of her daughter, who was an heir of said deceased, John B. Edson. It is true, the title transferred by the sale under the decree of the probate court afterward, through a conveyance made by the purchaser at the sale, became vested in said Judith Edson; but it did not appear, and is not claimed, that the sale was only colorable, and that Judith, the administratrix, was the real purchaser. All interest which John B. Edson, deceased, may have had in the tract passed to the purchaser at the sale and afterwards became vested in the said Judith B., and from her, by *mesne*

conveyances, passed to defendant in error Hill. The only alleged infirmity in the title to this tract is the alleged mental incapacity of Judith to convey, which, as we have already seen, is not supported by the proof.

The decree must be and is affirmed.

*Decree affirmed.*